**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. *18 - 60656 CV-UU*

APPLE CORPS LIMITED and SUBAFILMS
LIMITED,

               Plaintiffs,                                **FILED UNDER SEAL**

vs.

3W STORE, *et al.*

               Defendants.
_____/

### SEALED ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

    THIS CAUSE came before the Court upon Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application"). The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises.

    By the instant Application, Plaintiffs, Apple Corps Limited and Subafilms Limited YETI Coolers, LLC (collectively "Plaintiffs") move *ex parte*, for entry of a temporary restraining order against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

    For the reasons set forth herein, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order is **GRANTED**.

## I.   Factual Background[1]

The Plaintiff, Apple Corps Limited, is the registered owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "BEATLES Marks").

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| THE BEATLES | 1,752,120 | February 16, 1993 | IC 014 – Watches.<br><br>IC 018 - Wallets.<br><br>IC 025 - Headwear, sweatshirts, t-shirts, shirts. |

---

[1] The factual background is taken from Plaintiffs' Complaint, *Ex Parte* Application for Temporary Restraining Order, and supporting Declarations submitted by Plaintiffs.

| BEATLES | 4,373,956 | July 30, 2013 | IC 009 - Telephone apparatus, namely, telephones; telephone receivers, telephone answering machines, mobile telephones; cases for mobile telephones; cell phone covers; covers for mobile telephones, namely, fitted plastic films known as skins for covering and protecting electronic apparatus in the nature of mobile telephones; straps for mobile telephones; telephone call indicator lights and electro-mechanical shakers for detecting and signaling incoming telephone calls; mechanical and electric egg timers; boxes and cases specially adapted for holding audio cassettes, video cassettes, gramophone records, audio compact discs, audio mini discs, video discs, and interactive compact discs or cd-roms.<br><br>IC 014 - Jewelry boxes not of metal, including ceramic and porcelain jewelry boxes for trinkets; jewelry; horological and chronometric instruments, namely, watches and clocks; watch straps, cuff links, brooches, bracelets, bangles, earrings, pendants, medallions, trinkets being jewelry, charms being jewelry, rings being jewelry, tie pins, jewelers ornamental tie pins, lapel pins, tie clips, collectible non-monetary coins, ornamental pins; articles of precious metal and their alloys, and articles coated with precious metal and their alloys, namely, belt buckles for clothing, coasters, jewelry boxes, key rings, key chains; hat and shoe ornaments and key fobs all of precious metal; rings being jewelry; ornamental pins; cigarette and cigar cases; precious stones; semi-precious stones; statuettes and figurines of precious metal or precious |

| | | | stone or coated therewith; scale model vehicles, ships or submarines all made from, or coated with precious metal or precious stone. |
| | | | |
| | | | IC 018 - Goods made from leather or imitation leather, namely, waist pouches for carrying purses and wallets; luggage, carry on traveling bags, clutch bags, trunks, business card cases, rucksacks, backpacks, purses, wallets, key cases, luggage tags; billfolds, leather key fobs, key cases, umbrellas; bags, namely, handbags, shoulder bags, all purpose sports bags, barrel bags, carry-on flight bags, and duffel bags, suitcases, attaché cases, school bags, satchels, gym bags, beach bags and credit card cases; hand carry overnight cases of metal, plastic or resin; tote bags, including metal totes; textile shopping bags; identity card holders of leather and imitations of leather. |
| | | | |
| | | | IC 024 - Decorative window curtains of wood, reed, bamboo, beads or plastic; household linen; bed linen; bedspreads; table linen; table cloths not of paper; table mats not of paper; textile table napkins; coasters made of table linen or textile; unfitted fabric furniture covers; bed sheets, pillow cases, duvet covers; towels; face towels; face washing cloths; curtains; wall hanging of textile; cloth banners; cloth bunting; cloth flags; handkerchiefs; cushion covers; pre-cut textiles for making into cushions and cushion covers; traced cloths for embroidery. |
| | | | |
| | | | IC 025 - Footwear and headgear, namely, hats and caps; clothing, namely, shirts, |

| | | | polo shirts, T-shirts, sweatshirts; sweatpants; jackets, coats; pullovers; vests; articles of underclothing, namely, underwear; shorts; scarves; silk pocket squares; neck-ties; braces in the nature of suspenders; belts; socks; long-sleeved shirts and long sleeved T-shirts; silk scarves; silk scarves in the shape of squares for wearing over the head or around the neck; pants; fleece tops; thermal tops; jerseys; baseball jerseys; hockey jerseys; sweaters; tank tops; waistcoats; trousers; golf shirts; golf pants; golf shoes; swim wear; beachwear; night gowns; pajamas; dressing gowns; bathrobes; bathing caps; head bands; slippers; beach shoes; sandals; clothing for toddlers, infants and babies, namely, rompers, shortalls, babies' sleep suits; cloth babies' bibs. |
|---|---|---|---|

(*See* Declaration of Paul Cole in Support of Plaintiffs' Application for Temporary Restraining Order ["Cole Decl."] ¶¶ 4-5; *see also* United States Trademark Registrations of the BEATLES Marks at issue attached as Composite Exhibit 1 to the Complaint. The BEATLES Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above. (*See id.* ¶¶ 4-5.)

The Plaintiff, Subafilms Limited, is the registered owner of the following trademark, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "YELLOW SUBMARINE Mark").

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YELLOW SUBMARINE | 3,328,170 | November 6, 2007 | IC 009 - Telephone apparatus, namely covers for mobile telephones; straps for mobile telephones.<br><br>IC 025 - Shirts; polo shirts; t-shirts; long-sleeved shirts and long-sleeved t-shirts; sweatshirts; jackets; pullovers; vests; scarves; pocket squares made of silk; neck-ties; hats; caps; sock; thermal tops; jerseys; sweaters; tank tops; pajamas; clothing for toddlers, infants and babies namely, one piece garments for infants and toddlers, sleep suits, t-shirts and long-sleeved t-shirts. |

(See Cole Decl. ¶¶ 10-11; see also United States Trademark Registrations of the YELLOW SUBMARINE Mark at issue attached as Composite Exhibit 2 to the Complaint. The YELLOW SUBMARINE Mark is used in connection with the manufacture and distribution of quality goods in the categories identified above. (See id. ¶¶ 10-11.)

Defendants, by operating e-commerce stores via the Internet marketplace platforms, AliExpress.com, Amazon.com, Bonanza.com, eBay.com, and newegg.com, under their seller identification names identified on Schedule "A" hereto (the "Seller IDs"),[2] have advertised,

---

[2] Defendant Numbers 1-3 operate their e-commerce stores via their respective Sellers IDs through the e-commerce marketplace platform AliExpress.com; Defendant Numbers 4-21 operate their e-commerce stores via their respective Sellers IDs through the e-commerce marketplace platform, Amazon.com; Defendant Numbers 22-45 operate their e-commerce stores via their respective Sellers IDs through the e-commerce marketplace platform, Bonanza.com;

promoted, offered for sale, or sold goods bearing what Plaintiffs have determined to be counterfeits, infringements, reproductions or colorable imitations of the BEATLES Marks and/or the YELLOW SUBMARINE Mark (collectively "Plaintiffs' Marks"). (*See* Cole Decl. ¶¶ 16-21; Declaration of Stephen Gaffigan in Support of Plaintiffs' Application for Temporary Restraining Order ["Gaffigan Decl."] ¶ 2; Declaration of Eric Rosaler in Support of Plaintiffs' Application for Temporary Restraining Order ["Rosaler Decl."] ¶ 4; Declaration of Kathleen Burns in Support of Plaintiffs' Application for Temporary Restraining Order ["Burns Decl."] ¶ 4.)

Although each Defendant may not copy and infringe Plaintiffs' trademarks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of Plaintiffs' Marks. (*See* Cole Decl. ¶¶ 16-21.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks. (*See id.* ¶¶ 16, 18-21, 24.)

Plaintiffs' counsel retained AED Investigations, Inc. ("AED"), and Invisible Inc ("Invisible"), both licensed private investigative firms, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' branded products by Defendants (*See* Cole Decl. ¶ 17; Rosaler Decl. ¶ 3; Burns Decl. ¶ 3; Gaffigan Decl. ¶ 2.) Through AliExpress.com, Amazon.com, Bonanza.com, eBay.com and newegg.com, AED and Invisible collectively accessed the Internet based e-commerce stores operating under the Seller IDs and placed orders from each Seller ID for the purchase of various products, all bearing counterfeits of, at least, one of Plaintiffs' trademarks at issue in this action, and requested each product to be shipped to one

---

Defendant Numbers 46-96 operate their e-commerce stores via their respective Sellers IDs through the e-commerce marketplace platform, e-Bay.com; and Defendant Numbers 97-98 operate their e-commerce stores via their respective Sellers IDs through the e-commerce marketplace platform, newegg.com.

of their addresses in the Southern District of Florida.[3] (*See* Rosaler Decl. ¶ 4; Burns Decl. ¶ 4.) Each order was processed entirely online, and following the submission of the orders, AED and Invisible received information for finalizing payment for the various products ordered via Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform (i.e., "AliExpress"), and its related companies, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd., AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "Alipay"),[4] Amazon Payments, Inc.,[5] or PayPal, Inc. ("PayPal") to Defendants' respective PayPal accounts. (*Id.*) At the conclusion of the process, the detailed web page captures and images of Plaintiffs' branded products ordered via Defendants' Seller IDs were sent to Plaintiffs' representative for inspection. (*See* Cole Decl. ¶ 18; Gaffigan Decl. ¶ 2.)

Plaintiffs' representative reviewed and visually inspected the detailed web page captures and images reflecting Plaintiffs' branded products AED and Invisible ordered from Defendants through the Internet based e-commerce stores operating under their respective Seller IDs, and determined the products were not genuine versions of Plaintiffs' goods. (*See* Cole Decl. ¶¶ 18-21.)

---

[3] Although the product checkout page for Defendant Number 38 reflects multiple cushion covers marked numerically from 1-16, the actual cushion cover AED purchased is identified as Number 1. (*See* Rosaler Decl. ¶ 4, n.1.) Additionally, although the product checkout pages for Defendant Numbers 55 and 72 reflect multiple phone covers, the actual phone covers Invisible purchased are identified as "Pattern Number: Beatles." (*See* Burns Decl. ¶ 4, n.1.)

[4] Worldpay US, Inc. ("Worldpay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement. (*See* Gaffigan Decl. ¶ 4.)

[5] Amazon is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendants' payment information is not publicly disclosed. However, because Amazon also operates as a money transmitter for sales made on Amazon, it has the ability to identify, and restrain, the payment accounts associated with each Defendant. (*See* Gaffigan Decl. ¶ 5.)

## II.   **Legal Standard**

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

## III.   **Conclusions of Law**

The declarations Plaintiffs submitted in support of their *Ex Parte* Application for Temporary Restraining Order support the following conclusions of law:

A.     Plaintiffs have a very strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of Plaintiffs

Marks, and that the products Defendants are selling and promoting are copies of Plaintiffs' products that bear copies of Plaintiffs' Marks.

      B.    Because of the infringement of Plaintiffs' Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiffs' Complaint, Application for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiffs and to consumers before the Defendants can be heard in opposition unless Plaintiffs' request for *ex parte* relief is granted:

      1.    Defendants own or control e-commerce stores via Internet marketplace platforms operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights;

      2.    There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products; and

      3.    There is good cause to believe that if Plaintiffs proceed on notice to the Defendants of this Application for Temporary Restraining Order, Defendants can easily and quickly transfer or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the seller identification names, thereby thwarting Plaintiffs' ability to obtain meaningful relief;

C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs reputation and goodwill if such relief is not issued.

D.      The public interest favors issuance of the temporary restraining order to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit products as Plaintiffs' genuine products.

E.      Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiffs' Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiffs' Complaint, *Ex Parte* Application for Temporary Restraining Order, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiffs' *Ex Parte* Application for Temporary Restraining Order is **GRANTED**, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiffs' Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiffs; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiffs, bearing Plaintiffs' Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing Plaintiffs' Marks, or any confusingly similar trademarks.

(2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of Plaintiffs' Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of Plaintiffs' Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other

12

websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4)     Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this action, or until further order of the Court;

(5)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores website businesses under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6)     Upon Plaintiffs request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, shall immediately cease facilitating access during the pendency of this action, to any and all listings and associated images of the products bearing counterfeits and/or infringements of Plaintiffs' Marks used by the Defendants via the e-commerce stores operating under their respective Seller IDs;

(7)     Upon receipt of notice of this Order, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), Amazon Payments, Inc.

("Amazon"),[6] and PayPal, Inc. ("PayPal")[7], and their related companies and affiliates shall (i) immediately identify all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the exact same financial institution account(s) or any of the other financial accounts subject to this Order; and (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

(8)     Upon receipt of notice of this Order, all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon, PayPal, and their related companies and affiliates, shall further, within five business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by

---

[6] Amazon is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Gaffigan Decl. ¶ 5.)

[7] PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Gaffigan Decl. ¶ 6.)

any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(9)     This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by the Defendants for the purpose of counterfeiting Plaintiffs' Marks at issue in this action and/or unfairly competing with the Plaintiffs;

(10)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(11)    This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

## BOND TO BE POSTED

(12)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

## PRELIMINARY INJUNCTION

(13)     A **hearing** is set before this Court in the United States Courthouse located at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, Courtroom 205F, on _April_ , _11 th_ , **2017, at** _10:00_ **A.M.,** at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiffs' requested preliminary injunction;

(14)     After Plaintiffs' counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiffs shall serve a copy of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant via their corresponding e-mail address, or on each Defendant via their corresponding online contact form provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiffs shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at http://servingnotice.com/anu975/index.html and shall provide the website address and a link to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at http://servingnotice.com/anu975/index.html, or by other means reasonably calculated to give notice which is permitted by the Court;

(15)    Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace platforms, including but not limited to AliExpress.com, Amazon.com, Bonanza.com, eBay.com, and newegg.com, and/or financial institutions, payment processors, banks, escrow services, and money transmitters, including but not limited to AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon or PayPal, and their related companies and affiliates shall, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs;

(16)    Any response or opposition to Plaintiffs' Motion for Preliminary Injunction must be filed and served on Plaintiffs' counsel by _April 6th_, **2018.** Plaintiffs shall file any Reply Memorandum on or before _April 9th_, **2017.** The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in Chambers in ~~Fort Lauderdale, Broward County~~, _Miami_ Florida, this _28th_ day of _Mar._, 2018.

_United States District Judge_

Copies provided to:

Counsel of Record

17

**SCHEDULE A:**
**DEFENDANTS BY NUMBER, SELLER ID / STORE NUMBER, ASSOCIATED**
**PAYPAL ACCOUNT AND ADDITIONAL E-MAIL ADDRESSES**

| Def. No. | Seller ID | Seller / Store ID Number / PayPal Account | Additional E-mail Address |
|---|---|---|---|
| 1 | 3W Store | 3618072 | |
| 2 | Shop2960084 Store | 3508066 | |
| 3 | Shop3212107 Store | 3212107 | |
| 4 | ABLOOMBOX | A2NOEOHNPI80GD | |
| 5 | Aeneontrue | A1E0QNKODDM82G | |
| 6 | Andre II. | A2268Z5VXFRXX6 | |
| 7 | Best USA | A324CQTVCDJDX9 | |
| 8 | DaMai | A27OXQXEBU6A8K | |
| 9 | dayufangzhi | A2EBBPGX7SWFA5 | |
| 10 | Faddist Malls | A1G61U6DRS43IU | |
| 11 | Feng CaiHua | A1IU4FC9F8Y7P1 | |
| 12 | GreenYY | A1QI1B63C7ZOQC | |
| 13 | huangzhijian | A3V37WDE5C3ZCE | |
| 14 | Marjory US | A2DSNHDJD16S47 | |
| 15 | Meng XiangPing | A12WHQF89MY20C | |
| 16 | Oriental color | A1OES86989F7JF | |
| 17 | RYMYoc | A2BAB1KUDFONKZ | |
| 18 | Tc-gree | A37L3COE44LDH0 | |
| 19 | XinRui | A15F0WMQPM2HGS | |
| 20 | Viga | A2L4C10R9YAQNQ | |
| 21 | VivivalueDirect | A1O36X62NJT3C9 | |
| 22 | bijanvss | cuping77@gmail.com | |
| 23 | cahyo_misro | misro.c@yahoo.com | |
| 24 | darwin_minral | d.minral@gmail.com | |

| 25 | dimasenta | domosamsu@gmail.com | |
| 26 | eztlunyoo | taweztlunyoo@gmail.com | |
| 27 | fadlianwar45 | fadlianwar45@yahoo.com | |
| 28 | firststike | firststrike212@gmail.com | |
| 29 | giftbazaar | mariacunnin@gmail.com | |
| 30 | giftcenter88 | giftcenter88@hotmail.com | |
| 31 | HAAPYVIRUS a/k/a HAPPY_VIRUS | fissiap12@gmail.com | |
| 32 | Hat_Sepuloh | hat0302016@yahoo.com | |
| 33 | herlinsaindah | herlinsa.indah@gmail.com | |
| 34 | KangarooBag | SellerofDream@yandex.com | |
| 35 | KATANI | katyatg@outlook.com | |
| 36 | Key_Success | key0332016@yahoo.com | |
| 37 | Lima_Empat a/k/a Bonzuser_Lima | lima0042016@gmail.com | |
| 38 | MarketShop | jokopagut@gmail.com | |
| 39 | Mr Cool a/k/a mrcoolkl | virtualmetall@hotmail.com | |
| 40 | Pety_Fashion | trankimtien84811031@gmail.com | |
| 41 | pusehet | baliropas@gmail.com | |
| 42 | rohijoha | milahlemot@gmail.com | |
| 43 | santomat | inantupilmain@gmail.com | |
| 44 | suhartik | suhartik2507@gmail.com | |
| 45 | wiratmajabudi | wiratmajabudi@yahoo.com | |
| 46 | 424729090 a/k/a Fashionable Woman show | tr424729090@hotmail.com | |
| 47 | 1987.melody a/k/a welcome_melody_fashion_store | xudaming6615@outlook.com | |
| 48 | 2014iltome a/k/a Thomas-Global-555 | tomer8023@gmail.com | |
| 49 | alexcheung8 a/k/a click-to-win2009 | kobecheng84@gmail.com | |
| 50 | alexchow1822 | alexchow182@yahoo.com.hk | |

| 51 | alphabeta08 | sailormercury8791@gmail.com | pebbylie@gmail.com |
|----|-------------|------------------------------|--------------------|
| 52 | ari.surya | vangjanna@gmail.com | |
| 53 | artsakhsell20 | katya.grigoryan.1997@mail.ru | |
| 54 | barokahtanto | tantoadid@gmail.com | pitungwong@gmail.com |
| 55 | beautyday2014 | zhuqilie2014@163.com | |
| 56 | bimayus a/k/a Sling Bag Mania | bimayusep@gmail.com | |
| 57 | cao2018sz | chenshim2018@163.com | |
| 58 | caselab | arm.mikayelyan2@gmail.com | |
| 59 | casestore007 | sev.kochar@mail.ru | |
| 60 | charibukus2016 | charibukus@gmail.com | |
| 61 | corokan0p3l | kuncorok121@gmail.com | |
| 62 | crazyourcaseme | nananashui@126.com | |
| 63 | darkroomltd | denghui1987@outlook.com | |
| 64 | designyourcasebyme | nollybob@vip.163.com | |
| 65 | diytop2014 | customdiy2013@hotmail.com | |
| 66 | ecasehome | icasehome@outlook.com | |
| 67 | endan_jaela | jaelanindang97@gmail.com | |
| 68 | fantastic_fly | BarbaraRhondaVinny@gmail.com | |
| 69 | fokagust a/k/a Fokagust Store | irmawanade093@gmail.com | |
| 70 | gabriel.gn | gimongabriel@gmail.com | |
| 71 | greensoc a/k/a GreenSoc Mart | zainolcust@hotmail.com | |
| 72 | happy-buy-2014 | zhengyoupeng2014@163.com | |
| 73 | isbj08-9 a/k/a Bag Bag and Beyond | isbj08@gmail.com | |
| 74 | jianbingxia | nicehouse@yahoo.com | |
| 75 | jye76324lsvw_0 | jye76324lsvw@163.com | |
| 76 | k201302 | odonku33@gmail.com | |
| 77 | lyly0304 | ly19890304@outlook.com | |

| 78 | marlbo2011 | marlbo20@yahoo.com.hk | |
| 79 | mengyinzon168-2 a/k/a Special Phone Case | mengyinzong168@hotmail.com | |
| 80 | mikarmcase | araksya@auto-list.net | araksyacase@gmail.com |
| 81 | neon128shop | hotelboys@ymail.com | pripriease@yahoo.com.hk |
| 82 | njworldwide | njworldwide14@gmail.com | |
| 83 | osg_store a/k/a Ohanyan_Store a/k/a OSG Accessories | sergey.ohanyan1960@gmail.com | |
| 84 | qingmeya_0 a/k/a CustomCapHat | 1744383885@qq.com | |
| 85 | rainbowhouse2015 | rainbowhouse616@outlook.com | |
| 86 | runwayforyou a/k/a Modern Fashion Tower | 2417401839@qq.com | |
| 87 | sexywomanline a/k/a Sexy Woman Line | yafei19900127@outlook.com | |
| 88 | sukir.sukir | sukirmanasep03@gmail.com | |
| 89 | sun-flower-star | sunflowercff@foxmail.com | |
| 90 | tanjungpra | kikibasko@gmail.com | |
| 91 | uniquecover1987 a/k/a Impressiveart | impressivearts@outlook.com | |
| 92 | veryhonestore | veryhoneststore@yahoo.com.hk | |
| 93 | xiaomintu55-8 | lianxian2018@hotmail.com | |
| 94 | xijudianzitwo | xijudianzi@outlook.com | |
| 95 | yuhaihong2017 | kuaotemanzi@yahoo.com | |
| 96 | zaracos a/k/a Zaracos House | t.tangfqing@aol.com | |
| 97 | Mermaid | paypal@newegg.com | service@newegg.com |
| 98 | Tomy's Shop | paypal@newegg.com | service@newegg.com |